Howard J. SEVEL, Plaintiff,

v.

AOL TIME WARNER, INC., et al., Defendants.

Philip J. Goodman, Plaintiff,

v.

AOL Time Warner, Inc., et al., Defendants.

Stuart Wollman, Plaintiff,

v.

AOL Time Warner, Inc., et al., Defendants.

Rodney W. Narbesky, Plaintiff,

v.

AOL Time Warner, Inc., et al., Defendants.

Nos. CIV.A. 02–1110–A, CIV.A. 02–1155–A, CIV.A. 02–1221–A, CIV.A. 02–1292–A.

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 1, 2002.

Timothy D. Battin, Straus & Boies, Fairfax, VA, Henry St. John Fitzgerald, Arlington, VA, John Peter Connolly, Alexandria, VA, Joshua Seth Devore, Cohen Milstein Hausfeld & Toll, Washington, DC, for Movants' Counsel.

Steven Jeffrey Toll, Cohen Milstein Hausfeld & Toll, Washington, DC, Conor R. Crowley, Finkelstein Thompson & Loughran, Washington, DC, for Plaintiff.

Charles William McIntrye, Jr., McGuire Woods, McLean, VA, for Defendant.

### MEMORANDUM ORDER

LEE, District Judge.

THIS MATTER is before the Court on Amalgamated Bank's motion to stay all proceedings in the AOL Time Warner Inc. securities Litigation cases pending before this Court: (1) *Howard J. Sevel v. AOL Time Warner, Inc., et al.*, CA 02–1110; (2) *Philip J. Goodman v. AOL Time Warner, Inc. et al.*, CA 02–1155; (3) *Stuart Wollman v. AOL Time Warner, Inc. et al.*, CA 02–1221; and (4) *Rodney W. Narbesky v. AOL Timer Warner, Inc., et al.*, CA 02–1292. Amalgamated Bank seeks to stay all proceedings in the above captioned cases pending the decision of the Judicial Panel on Multidistrict Litigation (the "MDL Panel") on Defendant AOL Time Warner's motion to transfer the cases to the Southern District of New York for pretrial coordination or consolidation with twenty-seven related cases alleging similar claims against the Defendants.

The issue is whether staying the current proceedings is necessary to avoid undue confusion and duplication of effort concerning the choice of lead plaintiff and lead counsel and to further the purposes of the MDL Panel proceeding. The Court finds that staying the proceedings concerning choice of lead plaintiff and lead counsel, in the above-captioned cases, until the MDL Panel decides Defendant AOL Timer Warner's motion to transfer or to consolidate will avoid confusion and duplication of effort and will further the purposes of the MDL Panel proceeding.

### I. BACKGROUND

This action is one of twenty-eight actions against AOL Time Warner ("AOLTW") currently pending in three federal judicial districts. There are twenty-three class actions pending in the Southern District of New York—all of which have been consolidated in that district. There are four class actions pending in the Eastern District of Virginia, and there is one class action pending in the Eastern District of Texas.

On August 29, 2002, AOLTW filed its motion with the MDL Panel to transfer the AOLTW actions to the Southern District of New York for coordinated or consolidated proceedings. Amalgamated

Bank, one of the plaintiffs in the Southern District of New York, filed a response to AOLTW's motion to transfer agreeing that such motion should be granted. The Plaintiffs in the cases pending before this Court filed a response to AOLTW's motion to transfer agreeing on consolidation; however, they seek transfer to the Eastern District of Virginia. Furthermore, the Plaintiffs have filed motions for selection of lead plaintiff and approval of selection of lead counsel. There are approximately eighteen motions for consolidation, appointment of lead plaintiff, and approval of selection of lead counsel in the AOLTW actions pending in the three federal judicial districts mentioned above.

## II. DISCUSSION

### A. Standard of Review

The Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u–4 et seq., provides that:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall *not* make the determination [as to lead plaintiff] until *after* the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

15 U.S.C. § 78u–4(a)(3)(B)(ii) (emphasis added). Furthermore, the power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

### B. Analysis

From the statute, the Court finds it evident that it must not determine a lead plaintiff or approve the choice of lead counsel until after the decision on the motion to consolidate before the MDL has been rendered. The Plaintiffs in the actions before the Court argue that a stay of the proceedings for the selection of lead plaintiff would be detrimental to their interests and the interests of the proposed class. The Plaintiffs contend that, under Rule 1.5 of the Judicial Panel on Multidistrict Litigation, the Court has the power to continue all proceedings even if a case is pending before the MDL. That rule states: "The pendency of a motion ... pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." J.P.M.L. Rule 1.5. Plaintiffs are correct that the Court retains jurisdiction and the power to continue matters that come before it on cases that have consolidation motions pending before the MDL. Determining a lead plaintiff and approving the selection of lead counsel at this stage, however, defeats the purpose of the PSLRA's provision that "the court shall *not* make the determination [as to lead plaintiff] until *after* the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u–4(a)(3)(B)(ii) (emphasis added).

The cases that Plaintiffs provide supporting their argument can be distinguished on their facts and the application of the statute. In *Havens Protected "C" Clamps, Inc. v. Pilkington PLC*, 2000 WL 382027, at *2 (D.Kan. Mar.28, 2000), that court was ruling on a motion to remand for lack of subject matter jurisdiction—not a motion for lead plaintiff. The difference is that the PSLRA specifically provides for the latter and not for the former: J.P.M.L.

Rule 1.5 fills the gap left by the statute by explaining that the court is not without jurisdiction to act in the case even if there is a motion pending before the MDL Panel. In *In re Duke Energy Corp. Sec. Litig.*, No. 02–CV–3960, 2002 WL 1933798 (S.D.N.Y. Aug.20, 2002), the court denied the motion to stay proceedings to determine lead plaintiff when the defendant had moved before the MDL Panel to transfer the New York actions to the Western District of North Carolina and subsequently filed a motion to stay. That court denied the motion because the defendant's MDL motion was not legitimate: "defendants, having lost their motion to transfer, appear to have applied to the MDL Panel for no better reason than as an obvious delaying tactic." 2002 WL 1933798, at *1. Plaintiffs have not provided the Court with any evidence of bad faith or lack of legitimacy on Amalgamated Bank's part, nor does the Court find any such evidence.

### III. CONCLUSION

The Court concludes that deciding the motion to determine lead plaintiff and to approve the selection of lead counsel is premature and would waste time, energy, and judicial resources. The Court grants the motion to stay proceedings with respect to the determination of lead plaintiff and the approval of lead counsel until the Judicial Panel on Multidistrict Litigation rules on Defendant AOL Time Warner's motion to transfer the case to the Southern District of New York for pretrial coordination or consolidation.

For the foregoing reasons, it is hereby

ORDERED that Amalgamated Bank's motion to stay all proceedings is GRANTED with respect to the determination of lead plaintiff and the approval of lead counsel until the Judicial Panel on Multidistrict Litigation rules on Defendant AOL Time Warner's motion to transfer the case to the Southern District of New York for pretrial coordination or consolidation. The Court retains jurisdiction and does not stay any other proceedings in this case.

The Clerk is directed to forward a copy of this Order to counsel.